UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| In re: | Case Number: 12-14575-7 |
|    KATHLEEN E. KEVAN, | |
|        Debtor. | |
| | |
| JAMES RICHARD THOEN, | |
|        Plaintiff, | |
| v. | Adversary Number: 12-220 |
| KATHLEEN E. KEVAN, | |
|        Defendant. | |

---

## **DECISION ON SUMMARY JUDGMENT**

This adversary proceeding was filed under 11 U.S.C. § 523(a)(6) to determine the dischargeability of a state court judgment for punitive damages resulting from a dog bite. The parties have filed cross-motions for summary judgment. For the reasons that follow, both motions are DENIED.

## **JURISDICTION**

Bankruptcy courts determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3). Proceedings to determine the dischargeability of debts are core proceedings under 28 U.S.C. § 157(b)(2)(I), and this Court has jurisdiction under 28 U.S.C. § 1334. As such, this Court has both the jurisdiction and the authority to enter a final judgment in this matter. The

following constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure.

## FACTS AND PROCEDURAL HISTORY

The Defendant in this action, Kathleen Kevan, hosted a party at her home in Onamia, Minnesota, that was attended by the Plaintiff, James Thoen. A fight broke out between the Plaintiff and two other men. Defendant's dog became excited and bit two people, including the Plaintiff. The men who engaged in the fight, including the Plaintiff, exited the house. The Defendant then restrained the dog for a period of time. For some reason, the Defendant released the dog. The dog ran outside and bit the Plaintiff on the leg, causing injury. The Defendant states she thought the door was closed and did not realize the dog would be able to exit the house. The Plaintiff states that Defendant exited the house with the dog before releasing it.

A Minnesota court issued findings of fact and conclusions of law on the question of liability following a jury trial. The jury returned a special verdict finding that the dog had a vicious and dangerous propensity,[1] that both the Defendant and the Plaintiff were negligent, but that the Defendant's negligence was the sole cause of Plaintiff's injuries. The jury then made a determination

---

[1] According to the state court, in Minnesota a plaintiff may recover for injuries sustained from a dog bite absent proof of negligence in a common law scienter claim by showing that the dog had a vicious propensity known to the owner. *See* "Order for Judgment and Judgment," attached as Exhibit F to Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment (citing *Ryman v. Alt*, 266 N.W.2d 504 (Minn. 1978)).

of damages for bodily injury and medical expenses. These amounts, however, are not the subject of the nondischargeability action. A second special verdict form was also submitted. It contained the following questions and answers:

1. By clear and convincing evidence, did Kathleen Kevan act with deliberate disregard for the rights or safety of others on February 20-21, 2009? Answer: Yes.

2. What amount of money will serve to punish Kathleen Kevan and discourage others from behaving in a similar way? Answer: $15,000.

The Plaintiff seeks a determination that the $15,000 award from this second verdict form be declared nondischargeable under section 523(a)(6) of the Bankruptcy Code. The Debtor/Defendant received a discharge on May 8, 2013. The discharge did not affect this pending adversary proceeding.

## ARGUMENTS

Both parties filed summary judgment motions. They agree the outcome of the adversary proceeding will turn on the meaning of "willful and malicious injury" as that phrase is used in section 523(a)(6).

The Plaintiff contends summary judgment is appropriate because the Defendant either intended or knew it was highly likely for the dog to bite the Plaintiff when she released him at the party. He notes the dog had a history of biting people—known in the legal vernacular as a "vicious propensity"—particularly when the dog was agitated. The Plaintiff was aware of the dog's temperament, having visited more than 50 times and having been previously bitten. The Defendant had been warned by law enforcement to

contain the dog. In addition, he notes that shortly before the Plaintiff was bitten, the dog had bitten someone else. That bite occurred during the course of a physical altercation between the Plaintiff and the other man. Plaintiff argues that even if the Defendant did not intend for the dog to bite the Plaintiff, Defendant should have known it was highly likely the dog would bite someone else if she released him.

Defendant concedes there is little argument about the facts. She argues simply that the Minnesota jury concluded her negligence was the cause of the injury and, essentially, that the punitive damage award did not entail a finding that her conduct was willful and malicious. She contends that neither the Judgment nor the Special Verdict forms indicate a finding that she specifically intended for the dog to attack the Plaintiff. As a result, the Defendant seeks a determination that the punitive damage award is dischargeable because the Plaintiff has not carried his evidentiary burden under section 523(a)(6).

## STATEMENT OF LAW

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), incorporated by Fed. R. Bankr. P. 7056. Thus, summary judgment should be granted when all that remains to be decided in a case is an issue of law. 10A Charles Alan

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2725 (3d ed. 1998). This is true when the parties agree on the facts, when the truth is clear, or when the moving party clearly demonstrates a right to judgment and that the opposing party cannot possibly prevail. *Id.* It is also true when the dispute only concerns facts that are not material to the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Donald v. Polk County*, 836 F.2d 376, 379 (7th Cir. 1988); *Wallace v. Greer*, 821 F.2d 1274, 1276 (7th Cir. 1987). "All facts and reasonable inferences must be construed in the light most favorable to . . . the non-moving party." *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007).

Nondischargeability Standard

A bankruptcy order discharges most debts of an individual debtor. 11 U.S.C. §§ 727(a), (b). There are, however, certain exceptions to discharge in the Bankruptcy Code. 11 U.S.C. § 523. These exceptions are confined to those plainly expressed in the Code, and are to be strictly construed against the objecting creditor and liberally in favor of the debtor. *DeKalb County Div. of Family & Children Servs. v. Platter (In re Platter)*, 140 F.3d 676, 680 (7th Cir. 1998); *In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998). The movant has the burden of proving by a preponderance of the evidence that an exception to discharge applies. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); *Goldberg Securities, Inc. v. Scarlata (In re Scarlata)*, 979

F.2d 521, 524 (7th Cir. 1992) (citations omitted). Whether conduct was willful and malicious is a question of fact reserved for the trier of fact. *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994).

Among the exceptions to discharge, section 523(a)(6) prohibits the discharge of debts "for willful and malicious injury by the debtor to another entity or the property of another entity." The phrase "willful and malicious" speaks of two independent requirements. For purposes of the provision, a person acts willfully when she intends to injure or when she is substantially certain that her conduct will cause injury to the creditor. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998). An act is "malicious" under section 523(a)(6) if it is taken "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *In re Thirtyacre*, 36 F.3d at 700; *Bukowski v. Patel*, 266 B.R. 838, 844 (E.D. Wis. 2001). Read together, "a willful and malicious injury, precluding discharge in bankruptcy of the debt created by the injury, is one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 324 (7th Cir. 2012).

## ANALYSIS

To prevail on his motion for summary judgment, the Plaintiff has the onus of proving that there is no legitimate question about whether the Defendant intended, or at least knew it was highly likely, for the dog to attack

the Plaintiff. To prevail on hers, the Defendant must show the opposite: that the evidence leaves no doubt that the dog's bite was a not willful and malicious injury within the meaning of section 523(a)(6). On the basis of the record before the Court, neither party has met their burden. As explained below, the Court finds that there remain genuine factual issues concerning the Defendant's conduct.

The Court has not been provided with the instructions given to the jury. There is no basis to determine whether a jury concluded the Defendant acted willfully and maliciously or whether her actions merely demonstrated reckless disregard. A reckless or even grossly negligent act is not enough. The actor must intend the consequences of, or at least how the consequences are highly likely to result from, his or her act. *Larsen*, 677 F.3d at 324.

Punitive damage awards can sometimes be conclusive proof that the conduct at issue was willful and malicious. The standard for punitive damages is established by state law and may vary from the federal requirement for nondischargeability. *Combs v. Richardson*, 838 F.2d 112, 117 (4th Cir. 1988). For example, in Wisconsin, punitive damages are only available when a defendant "acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." Wis. Stat. § 895.043(3). To be subject to punitive damages, a defendant must have acted maliciously, outrageously, or in a manner that demonstrated a wanton disregard for personal rights. *Jendusa-Nicolai v. Larsen (In re Larsen)*, 422 B.R. 913, 921 (Bankr. E.D. Wis. 2010)

(citing *Fahrenberg v. Tengel*, 96 Wis. 2d 211, 222, 291 N.W.2d 516, 521 (1980)). The Wisconsin formulation of the standard for punitive damages closely parallels the language and analysis for willful and malicious injury under section 523(a)(6). *Id.*

By comparison, punitive damages can be awarded in Minnesota if the plaintiff shows that a defendant acted with deliberate disregard for the rights or safety of others. Minn. Stat. § 549.20. This requires that a defendant have acted with intent or with indifference to threaten the rights or safety of others. *Gamma-10 Plastics v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994). Certainly something more than mere negligence is required under the Minnesota statute, but whether the conduct must rise to the level of malice or willfulness, or whether *reckless disregard* for the rights of others is sufficient to satisfy the state standard for punitive damages, remains the relevant question in this case.

This Court does not know what instructions were given to the jury or whether the Minnesota formulation for punitive damages required a finding that the Debtor's conduct was willful and malicious. As noted above, there is a statute authorizing damages for dog bite injuries from a dog with a vicious propensity.  Whether this statute was part of the instructions that formed the basis for the second verdict form is also unclear.  The jury in the state court action could have found that the Defendant acted merely with reckless

disregard for the Plaintiff's safety and awarded punitive damages without finding that the conduct was willful and malicious.

"[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Geiger*, 523 U.S. at 64. Therefore, the fact that a damage award was labeled punitive is not, by itself, sufficient to establish that the Debtor's conduct was willful and malicious. In addition, there is no language in the Judgment, Order, or Special Verdicts that permits this Court to conclude that the jury specifically found that the Defendant's conduct was willful and malicious. The evidence shows only that the Defendant was found liable for negligence and common law scienter. Without the jury instructions, state court pleadings, and, perhaps, a trial transcript, it is not possible to determine whether there is congruence between the requirements of section 523(a)(6) and the state court verdict.

It appears the dog had been known to bite people on several prior occasions. It also appears that both the Plaintiff and the Defendant were aware that exciting circumstances, like the fight on the night of the incident in question, were prone to agitate the dog and increase the chance that he would bite someone. The facts presented to this Court conflict with respect to whether the Defendant was outside when she released the dog or whether she released the dog in the house thinking it could not exit the house because the door was closed.

The Court cannot find, based on the record before it, that the Defendant intended the consequences of the act of releasing the dog. Accordingly, there are material issues of fact that preclude summary judgment.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is DENIED and the Defendant's Motion for Summary Judgment is DENIED.

A separate order consistent with this decision will be entered.

Dated: September 23, 2013

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge